**UNITED STATES of America,**
**Appellee,**

v.

**Francisco ARIAS, Defendant–Appellant.**

**No. 05–5025–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Daniel Ollen, Esq., New York, NY, for Defendant–Appellant.

Reed Michael Brodsky, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Francisco Arias appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Rakoff, *J.*) on July 5, 2005. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Arias pled guilty to reentering the United States illegally—having been deported on aggravated felony charges—without first obtaining the express permission of the United States Attorney General. The district court sentenced Arias to 57 months' imprisonment (the minimum Guidelines sentence), 27 months of which were to run concurrently with Arias's narcotics conviction in New York State Supreme Court. Arias appeals the sentence as being both procedurally and substantively unreasonable because the remaining 30 months are to be served consecutively with his state court sentence.

**Procedural Reasonableness.** After *United States v. Booker*, 543 U.S. 220, 252, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court must engage in a three-step sentencing procedure: (1) determine the applicable Sentencing Guidelines range, (2) consider whether a departure from the Guidelines range is appropriate, and (3) consider the Guidelines range along with the factors listed at 18 U.S.C.

§ 3553(a). *See United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Arias argues that remand to the district court is necessary for consideration of the § 3553(a) factors in light of his life story, family situation, and medical problems. But Arias has provided no reason to believe that Judge Rakoff failed to consider those factors below. "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [the] duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). The record plainly reflects that the district court considered both Arias's particular situation and the other § 3553(a) factors in its sentencing decision.

■ **Substantive Reasonableness.** "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discre-tion." *Id.* at 27. Arias received the minimum Guidelines sentence. Although we have not presumed that a Guidelines sentence is reasonable, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* We cannot conclude that this case falls outside the overwhelming majority, or that it is substantively unreasonable for a criminal defendant to serve an incremental term in respect of an incremental offense.

the foregoing reasons, the judgment of the district court is **AFFIRMED.**